**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Myrna de Jesus, <br><br> Plaintiff, <br><br> v. <br><br> Dignity Health Corporation, <br><br> Defendant. | No. CV-21-00926-PHX-DWL <br><br> **ORDER** |

Pending before the Court is *pro se* Plaintiff Myrna de Jesus's motion to remand. (Doc. 8.) For the following reasons, the motion is denied.

### BACKGROUND

On April 16, 2021, Plaintiff filed the complaint in Maricopa County Superior Court, naming as the sole Defendant Dignity Health Corporation, identified in the complaint as "a municipal corporation formed under the laws of California . . . whose state of corporation and principal place of business is 185 Berry Street, Suite 300, San Francisco, California." (Doc. 1-3 at 7.)

On May 26, 2021, Defendant removed the action to federal court. (Doc. 1.) The sole basis on which subject matter jurisdiction is asserted is 28 U.S.C. § 1332 (diversity). (*Id.* ¶ 5.)

On June 3, 2021, Plaintiff filed the pending motion to remand, asserting that the parties are not diverse because Defendant's "leadership" is based in Arizona and because Defendant performs "a plurality of business activities in Arizona as it owns and operates

several other hospitals and emergency healthcare facilities . . . in the State of Arizona," such that its principal place of business is in Arizona.[1] (Doc. 8 at 5.)

On June 16, 2021, Defendant filed a response in opposition to the motion to remand. (Doc. 9.) Plaintiff did not file a reply brief.

**DISCUSSION**

I. <u>Legal Standard</u>

"A defendant generally may remove any action filed in state court if a federal district court would have had original jurisdiction." *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2016) (citing 28 U.S.C. § 1441(a)). There is a "strong presumption" against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).[2] "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *see also Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("Where doubt regarding the right to removal exists, a case should be remanded to state court.").

A federal district court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" and the parties are diverse. 28 U.S.C. § 1332(a). Complete diversity of citizenship exists when "all the persons on one side of it are citizens of different states from all the persons on the other side." *Strawbridge v. Curtiss*, 7 U.S. 267 (1806).

The party seeking to invoke diversity jurisdiction has the burden of proof, *Lew v. Moss*, 797 F.2d 747, 749-50 (9th Cir. 1986), by a preponderance of the evidence. *McNatt v. Allied-Signal, Inc.*, 972 F.2d 1340 (9th Cir. 1992); *see* 13B Federal Practice § 3611 at 521 & n. 34. "When challenged on allegations of jurisdictional facts, the parties must support their allegations by competent proof." *Hertz Corp. v. Friend*, 559 U.S. 77, 96-97 (2010).

---

[1] The parties do not dispute the fact that Plaintiff is an Arizona citizen.

[2] The "strong presumption" against removal in "mine-run diversity cases" was not altered by *Dart*, which addressed removal of class actions under the Class Action Fairness Act. *Dart*, 574 U.S. at 89; s*ee also Johnson v. Twin City Fire Ins. Co.*, 2015 WL 1442644, *2 n.2 (D. Ariz. 2015).

A corporation, whether incorporated in a state of the United States or in a foreign country, is "deemed a citizen of its place of incorporation and the location of its principal place of business." *Nike, Inc. v. Comercial Iberica de Exclusivas Deportivas, S.A.*, 20 F.3d 987, 990 (9th Cir. 1994); 28 U.S.C. § 1332(c)(1). "[T]he phrase 'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." *Hertz*, 559 U.S. at 80. This place, metaphorically dubbed the corporation's "brain" or "nerve center," "will typically be found at a corporation's headquarters," "provided that the headquarters is the actual center of direction, control, and coordination,[3] . . . and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion)." *Id.* at 80-81, 93, 95. It is "a place *within* a State," "not the State itself." *Id.* at 93.

In *Hertz*, the Supreme Court specifically rejected the "general business activities test," which focused on where the "most important" place of business activities is located:

> The metaphor of a corporate "brain," while not precise, suggests a single location. By contrast, a corporation's general business activities more often lack a single principal place where they take place. That is to say, the corporation may have several plants, many sales locations, and employees located in many different places. If so, it will not be as easy to determine which of these different business locales is the "principal" or most important "place."

*Id.* at 95.

The Supreme Court emphasized that "[c]omplex jurisdictional tests complicate a case, eating up time and money as the parties litigate, not the merits of their claims, but which court is the right court to decide those claims," "produce appeals and reversals, encourage gamesmanship, and, again, diminish the likelihood that results and settlements will reflect a claim's legal and factual merits," and eat up "[j]udicial resources." *Id.* at 94. "[C]ourts benefit from straightforward rules under which they can readily assure

---

[3] "[I]f the record reveals attempts at manipulation—for example, that the alleged 'nerve center' is nothing more than a mail drop box, a bare office with a computer, or the location of an annual executive retreat—the courts should instead take as the 'nerve center' the place of actual direction, control, and coordination, in the absence of such manipulation." *Hertz*, 559 U.S. at 97.

themselves of their power to hear a case." *Id.* "A 'nerve center' test offers such a possibility. A general business activities test does not." *Id.* at 95.

II.     Analysis

As a preliminary matter, Defendant's response makes much of the fact that Plaintiff's complaint originally stated that Defendant's principal place of business is in San Francisco, California, asserting that "Plaintiff cannot now retreat from these facts." (Doc. 9 at 1.) Although it is certainly an about-face on Plaintiff's part, Plaintiff's previous assertion does not establish the existence of a jurisdictional fact and Defendant has not cited any cases suggesting that waiver or estoppel principles apply in this context. *Cf. Gonzalez v. Thaler,* 565 U.S. 134, 141 (2012) ("Subject-matter jurisdiction can never be waived or forfeited."). Put another way, Defendant bears the burden of establishing the existence of diversity jurisdiction, and in turn bears the burden of establishing its principal place of business, regardless of whether Plaintiff has taken inconsistent positions on the matter.

At any rate, Defendant has submitted an "unchallenged declaration," *Hertz*, 559 U.S. at 97, from "Corporate Paralegal – Physician Integration" Pamela Migas, which states that Defendant's "corporate headquarters is in San Francisco, California" and that this is "the actual center where high level officers of the corporation direct, control and coordinate the activities of the corporation . . . ." (Doc. 1-5 at 2.) Although this declaration is fairly conclusory, Plaintiff has not challenged it or submitting any conflicting evidence. *Cf. 3123 SMB LLC v. Horn*, 880 F.3d 461, 468 (9th Cir. 2018) ("Anthony Kling provided unimpeached deposition testimony and sworn declaration statements . . . . To reach [an adverse] conclusion . . . , the court would need to reject this evidence . . . ."). In Plaintiff's motion, she merely asserts that Defendant's leadership is in Arizona (without submitting any proof) and notes that Defendant operates several facilities in Arizona (Doc. 8 at 5), which seems to evoke the "general business activities test" the Supreme Court has rejected. *Hertz*, 559 U.S. at 95. Plaintiff did not file a reply and did not challenge Defendant's evidence in any manner.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to remand (Doc. 8) is denied.

Dated this 2nd day of July, 2021.

_____
Dominic W. Lanza
United States District Judge